IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Roscoe McPhatter, | ) | Civil Action No. 4:08-70071 |
| | ) | Criminal No. 4:05-198 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Roscoe McPhatter ("petitioner").

On February 23, 2005, the petitioner was charged with three counts of criminal conduct in Indictment 4:05-184. On August 29, 2005, the petitioner plead guilty to Count 1 of the indictment. (Doc. #27). Count 1 charged the petitioner with conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846. On March 22, 2006, the petitioner was sentenced to 216 months of imprisonment to be followed by five years of supervised release. Judgment was entered in the petitioner's case on March 24, 2006. (Doc. #36).

The petitioner timely filed an appeal of his conviction with the Fourth Circuit Court of Appeals. On January 22, 2007, the Fourth Circuit issued an opinion affirming the petitioner's conviction. United States v. McPhatter, No. 06-4352 (4th Cir. 2007) (unpublished). The Fourth Circuit issued its mandate on February 15, 2007. (Doc. #50). The petitioner then filed a petition for writ of certiorari to the United States Supreme Court, which was denied on June 29, 2007. McPhatter v. United States, 551 U.S. 1174 (2007).

The petitioner filed the present motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on June 10, 2008. (Doc. #51). In the original motion, the petitioner raises nine grounds for relief. (Doc. #51). The United States of America ("Government") filed its response to the petitioner's motion for relief under 28 U.S.C. § 2255 and motion for summary judgment on October 14, 2008. (Doc. #58). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed December 31, 2008 that he had thirty-four days to file any material in opposition to the Government's motion for summary judgment. (Doc. #61). The petitioner filed a reply on February 2, 2009. (Doc. #63). This matter is ready for disposition.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a

basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## BACKGROUND

The petitioner has filed his motion to vacate raising the following nine claims (set forth verbatim):

1. Ineffective assistance of counsel in the plea process.

2. Ineffective assistance of counsel in the pretrial process.

3. Ineffective assistance of counsel in the sentencing process.

4. Ineffective assistance of counsel in the sentencing process.

5. Ineffective assistance of counsel in the direct appeal process.

6. Mr. McPhatter was denied his Sixth Amendment constitutional right to counsel unburdened by an actual conflict of interest.

7. Ineffective assistance of counsel.

8. Mr. McPhatter was denied his Fifth Amendment constitutional right to Due Process of Law and his Sixth Amendment constitutional rights to notice and jury trial.

9. Mr. McPhatter's Conviction And Sentence Are Violative Of The First, Fourth, Fifth, Sixth, and Eighth Amendments to the Constitution.

## STANDARD OF REVIEW

In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed R. Civ. P. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

Within the motion to vacate, the petitioner has raised a number of claims of ineffective assistance of counsel. A claim of ineffective assistance of counsel is subject to collateral review

pursuant to 28 U.S.C. § 2255. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). In order to prevail on a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. As the Court in Strickland observed:

> [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 689.

## GROUND ONE

The petitioner's first ground for relief is for ineffective assistance of counsel in the plea process. In support of this ground, the petitioner asserts:

> Counsel unprofessionally failed to advise Mr. McPhatter as to all facts and law relevant to his decision to plead guilty. Had Mr. McPhatter been fully advised, there is a reasonable probability that he would have pleaded not guilty and proceeded to trial and/or proceeded to a bench trial on stipulated facts and/or would have pleaded to a Fed.R.Crim.P. 11(c)(1)(C)

5

agreement which substantially reduced his sentence exposure. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

Mot. to Vacate. at p. 4, Doc. #51.

In his reply, the petitioner asserts that his trial counsel promised him that his sentence would not exceed ten years, and that "[t]here is no doubt that [petitioner] was not told of the consequences of Relevant Conduct and prior to receiving the Presentence Report had no idea that he would be held accountable for over sixty-four times the amount of cocaine that he either sold or admitted to possessing." (Reply at pp. 3-4, Doc. #63).

In addressing claims of ineffective assistance of counsel with regard to a challenge to the voluntariness of a guilty plea, the United States Supreme Court has held that to satisfy the second "prejudice" prong of Strickland, a defendant "must show that there is a reasonable probability that, but for counsel's errors, her would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Other courts have noted that "[a] mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993) (quoting United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990)). With regard to the claims alleged in ground one, the Court concludes that the petitioner has not met his burden of showing that his counsel's performance during the plea phase of the case fell below an objective standard of reasonableness, nor that, but for counsel's alleged errors, the petitioner would have insisted on going to trial.

As noted above, the petitioner contends he was advised that his sentence would not exceed ten years, and that he was not informed about the concept of relevant conduct. However, the petitioner's responses during the guilty plea do not support his assertions. The petitioner was

6

specifically advised of his right to go to trial, and affirmatively stated that he wished to plead guilty.[1] The petitioner was also specifically advised about the concept of "relevant conduct."[2] Further, the petitioner was specifically warned that his sentence could exceed ten years.[3] Based on the

---

[1] See Guilty Plea Trans. at p. 11:12-22:
   The Court: Do you further understand by pleading guilty, if that plea is accepted by the court, there will be no jury trial in your case?
   The Defendant: Yes, Sir.
   The Court: Do you understand that you will have waived your right to a jury trial as well as the other rights associated with a trial that I just described for you?
   The Defendant: Yes, Sir.
   The Court: Mr. McPhatter, do you want a jury trial or do you want to plead guilty?
   The Defendant: I want to plead guilty, Sir.

[2] See Guilty Plea Trans. at pp. 19:16-20:13:
   Mr. McPhatter, I also want to discuss with you before we conclude, the question of relevant conduct. You're pleading guilty to a drug conspiracy charge. Your sentencing range, advisory range in your case will be substantially affected by the amount of drugs that you are held responsible for for sentencing purposes. Under the concept of relevant conduct in the sentencing guidelines, you'll be held accountable for all drugs for which you were personally responsible or for which you were directly involved. Do you understand that?
   The Defendant: Yes, Sir.
   The Court: I don't think that would be a surprise to you, that you would be responsible for drugs for which you were personally involved. If you've been involved in a conspiracy with others, any reasonably foreseeable quantities of drugs that were within the scope of the conspiracy could be attributed to you as well. In other words, the hand of one becomes the hand of all. Do you understand that?
   The Defendant: Yes, Sir.
   The Court: knowing that, do you still wish to plead guilty?
   The Defendant: Yes, Sir.

[3] See Guilty Plea Trans. at pp. 13:20-14:10:
   The Court: By pleading guilty to this charge, Mr. McPhatter, you're facing a mandatory minimum sentence of ten years. Do you understand that?
   The Defendant: Yes, Sir.
   The Court: In other words, do you understand I'll

7

petitioner's representations to this Court, it appears that the petitioner was fully apprised of the concept of relevant conduct and the fact that his sentence could exceed ten years. Despite these warnings, the petitioner voluntarily waived his right to proceed to trial. Thus, the Court concludes that the petitioner's claims are not supported by the record and that the petitioner has failed to satisfy either prong under the Strickland analysis. As a final matter, the Court notes that the Fourth Circuit Court of Appeals reviewed the voluntariness of the petitioner's plea and concluded that the petitioner's "plea was knowing and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11 . . . [the petitioner] was properly advised of his rights, the offense charged, and the mandatory minimum and maximum sentences for the offense . . . [t]he court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises." United States v. McPhatter, No. 06-4352 (4th Cir. 2007) (unpublished) (internal citations omitted). For these reasons, the petitioner's first ground for relief is **DENIED**.

## GROUND TWO

The petitioner's second ground for relief is for ineffective assistance of counsel in the pretrial process. In support of this ground, the petitioner asserts:

> Counsel unprofessionally failed to timely, properly, and effectively move for suppression of evidence material to the conviction and/or sentence of Mr. McPhatter

---

have to sentence you to at least ten years in prison based on this conviction?
   The Defendant: Yes, Sir.
   The Court: Do you understand that the maximum sentence you face under law is a maximum sentence of up to life. Do you understand that?
   The Defendant: Yes, Sir.
   The Court: Knowing that I have to sentence you to at least ten years, but I could sentence you up to life imprisonment, do you still wish to plead guilty?
   The Defendant: Yes, Sir.

8

> and counsel could have but did not timely move for dismissal of the indictment. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

Mot. to Vacate at p. 5, Doc. #51.

In the petitioner's reply, he asserts that trial counsel "would not investigate the possible need to move the Court to suppress evidence produced from a search of [petitioner's] residence," and that the petitioner requested that trial counsel "investigate the legality of the search of his home which occurred on February 15, 2005 . . . the purpose of this request was to assure that the search warrant had been obtained properly and because of the fact that [petitioner] was detained for a search of his vehicle that same day." (Reply at pp. 5-6, Doc. #63). The petitioner adds that counsel "refused to perform the aforementioned task but rather convinced [petitioner] that such was not necessary in that he would not receive more than a ten year sentenced if he pled as noted in Ground One." (Reply at p. 6, Doc. #63).

As noted by the Government, the petitioner has not pointed to any flaws in the search or in the indictment in this case. The petitioner merely speculates that his counsel should have investigated the matter more thoroughly. However, without any evidence of a flaw in either the search or the indictment, the petitioner cannot establish prejudice as required under the second prong of the Strickland analysis. For this reason, the petitioner's second ground for relief is **DENIED**.

## GROUND THREE

The petitioner's third ground for relief is for ineffective assistance of counsel in the sentencing process. In support of this ground, the petitioner asserts:

9

> Counsel unprofessionally failed to investigate or present available evidence and legal authority material to the sentencing of Mr. McPhatter. Counsel also unprofessionally failed to object to, unlawful, false and unreliable evidence used to determine Mr. McPhatter's guideline sentencing range and ultimate sentence. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.
>
> Mot. to Vacate at p. 6, Doc. #51.

In his reply, the petitioner further elaborates by objecting to the fact that his counsel did not contest the drug weights attributed to him, and thereby force the government to prove the weights by a preponderance of the evidence. The petitioner also, apparently, contends that his attorney should have objected to the two level enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1). A review of the record indicates that petitioner's trial counsel did file written objections to some of the drug weights, to the fact that the defendant was being held accountable for crack cocaine rather than powder cocaine, and to the gun enhancement. However, the record indicates that these objections were withdrawn at the sentencing hearing as part of a comprise reached with the government.[4] Thus, the record clearly indicates that the original objections, which

---

[4] See Sentencing Trans. at pp. 2:4-4:11:
 . . . There were objections, but they were revolved [sic]. They objected to the firearm enhancement. They are withdrawing that. There was a dispute whether it should be crack or powder. Based on the evidence, we believe a fair resolution would and what would be most readily provable, it was powder in this case. The end result would be a base offense level of 36 instead of 38. The total offense level instead of being 37 criminal history 3 goes to 35 criminal history 3, which is a guideline range of 210 to 262.

. . .

The Court: Mr. Moore, let me first say good morning to you. I've heard what has been set forth by Mr. Bethea. I have reviewed the presentence report very carefully in this case. I note you had an objection. It appears to me the government has essentially accepted your position on this question of cocaine versus crack. If the government concedes that position, I've reviewed

10

the petitioner has raised herein, were withdrawn with the express consent of the petitioner. In addition, the petitioner received a benefit in the form of a two level reduction in exchange for his withdrawal of the additional objections. The petitioner's ultimate sentence of 216 months, for which petitioner's trial counsel successfully argued, was significantly less than the 262 to 327 month sentence that the petitioner was facing prior to the sentencing hearing. For this reason, the petitioner cannot show that trial counsel's performance fell below an objective standard of reasonableness, nor

---

the report and it appears to me there's a factual basis for them to take that position. Of course, they could proceed with their position if they so choose, but I think there's enough of a debate here with regard to the facts that I will accept the position that they have set forth.

Again, I'm going to ask you first to respond to the position that Mr. Bethea set forth and the guidelines provisions that he's set forth, whether or not that is the appropriate circumstances we now find ourselves?

Mr. Moore: I do, your honor.

The Court: Thank you. I do accept the agreement. There's some question about what was reasonably foreseeable to this defendant in regards to whether or not the drugs were cocaine or crack cocaine or would be cooked into crack cocaine, but I would accept the agreement that's been reached in this case. I do believe there's a factual basis to do so. . .

. . .

The court: Mr. McPhatter, have you had sufficient time to review the presentence report in your case?

The Defendant: Yes, your honor.

The Court: I've heard what Mr. Bethea has said. I've heard what you said, Mr. Moore. And I intend to accept the agreement that has been set forth in this case, but other than that, Mr. Moore, let me ask, are there any additional objections to the presentence report?

Mr. Moore: There are none, your honor.

The Court: Thank you. Mr. McPhatter, you've heard what your lawyer has said. He has filed objections that apparently have enured to your benefit, that the government has agreed to, essentially, accept the one critical objection in this case, but other than that, you've heard your lawyer say there are no further objections. Do you agree with that, Mr. McPhatter?

The Defendant: Yes, your honor.

that counsel's alleged deficiencies prejudiced the petitioner's defense to the extent that he was denied a fair trial under either prong of Strickland. For this reason, the petitioner's third ground for relief is **DENIED**.

### **GROUND FOUR**

The petitioner's fourth ground for relief is for ineffective assistance of counsel in the sentencing process. In support of this ground, the petitioner asserts:

> Mr. McPhatter was prejudiced by the objectively unreasonable performance of counsel during the sentencing process, when counsel unprofessionally failed to move for appropriate downward departure or a downward variance under 18 U.S.C. § 3553(a) in Mr. McPhatter's case. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

Mot. to Vacate at p. 7, Doc. #51.

In the Reply, the petitioner elaborates by noting that trial counsel "was ineffective in counsel to [petitioner] for failure to aggressively move before the Court for a downward departure on [petitioner's] behalf," adding that counsel "should have pressed AUSA Bethea and urged the Court for a reduced sentence in the area of at least twenty-five to fifty percent of the sentence that the Court was going to impose and did impose . . . [i]nstead, [petitioner] had more support from the Government than he did his own legal counsel." (Reply at pp. 9-10, Doc. #63).

In addressing the petitioner's contention that his counsel should have filed a motion for a downward departure, the only basis asserted for such a motion is the petitioner's cooperation. The decision on whether to file a motion for downward departure based on cooperation rests with the Government. See U.S.S.G. § 5K1.1. The petitioner's trial attorney had no ability to file such a motion. In addition, the petitioner's cooperation was brought to the attention of the Court, in detail, at sentencing by petitioner's trial counsel. See Sentencing Trans. at pp. 7:15-8:10. The petitioner's

12

cooperation with the government impacted this Court's ultimate sentencing decision.[5]

In addressing the petitioner's contention that his attorney should have filed a motion for variance under 18 U.S.C. § 3553(a), the petitioner has not shown any basis upon which such a motion would be successful. The Court fully considered all Section 3553(a) factors at sentencing, and assigned a sentence in accordance with the Court's application of these factors. The petitioner cannot show that he was prejudiced by his trial attorney's decision not to file a variance under 18 U.S.C. § 3553(a). Thus, the Court concludes that the petitioner has failed to meet his two-pronged burden of proof under Strickland with regard to the suggested motion for downward departure or the suggested motion for variance. For these reasons, the petitioner's fourth ground for relief is **DENIED**.

## **GROUND FIVE**

The petitioner's fifth ground for relief is for ineffective assistance of counsel in the direct appeal process. In support of this ground, the petitioner asserts:

> Counsel unprofessionally failed to investigate or present the strongest issues available to Mr. McPhatter for his direct appeal and failed to preserve viable issues for collateral review. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.
>
> Motion to Vacate at p. 8, Doc. #51.

Petitioner's appellate counsel filed an affidavit noting that he wrote a letter to the petitioner after his appointment requesting that the petitioner send appellate counsel a list of issues which he believed to be errors in his case. (Long Aff. at p. 2, Doc. #58). Appellate counsel notes that he cannot recall

---

[5] See Sentencing Trans. at p. 13:20-21:
. . . I did choose this point in the guideline
range based on the cooperation of this defendant.

whether the petitioner responded to the letter, but noted that the petitioner filed a supplemental brief. (Long Aff. at p. 2, Doc. #58). Appellate counsel further notes that he filed an Anders brief raising the issue of whether the petitioner's guilty plea was knowing and voluntary.

In his Reply, the petitioner notes that he did not receive the letter that appellate counsel sent, and alleges that the attempted to contact appellate counsel several times to no avail. (Reply at p. 11, Doc. #63). The petitioner further asserts that he "received the only piece of correspondence from [appellate counsel] in the form of a letter informing him that he had filed an Anders Brief on [petitioner's] behalf . . . [f]or this reason, [petitioner] had to hurriedly file his own pro se supplemental brief and with no formal legal training was prejudiced in the direct appeal." (Reply at p. 11, Doc. #63).

A criminal defendant's right to effective assistance of counsel continues through a direct appeal. See Evitts v. Lucey, 469 U.S. 387 (1985). The United States Supreme Court has noted that "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues," and stated that no decision of the Court suggests "that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751-52 (1983). The Court went on to note that "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Id. at 752.

The petitioner has not asserted any grounds that appellate counsel should have raised on his behalf. Counsel prepared an Anders brief in this case, and the petitioner submitted a supplemental

brief for review by the Fourth Circuit. The Fourth Circuit concluded that it had "reviewed the entire record and . . . found no meritorious issues for appeal." United States v. McPhatter, No. 06-4352 (4th Cir. 2007) (unpublished). Without more specificity, the Court cannot conclude that appellate counsel's performance fell below an objective standard of reasonableness. In addition, the petitioner has not met his burden of showing that appellate counsel's performance prejudiced the result of his appeal, particularly in light of the Fourth Circuit's ruling following full review of the record in this case. The Court concludes that the petitioner has failed to meet his two-pronged burden under Strickland with regard to this claim. For this reason, the petitioner's fifth ground for relief is **DENIED**.

## **GROUND SEVEN**

The petitioner's seventh ground for relief is for ineffective assistance of counsel. In support of this ground, the petitioner asserts:

> Mr. McPhatter Was Prejudiced By The Cumulative Impact Of Multiple Deficiencies Or Errors By Counsel During The Pretrial, Plea, Sentencing And Direct Appeal Process. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.
>
> Mot. to Vacate at p. 9, Doc. #51.

In his Reply, the petitioner asserts that he "was prejudiced due to the multiple errors of both [trial counsel] and [appellate counsel] as have been noted previously and which are violations of his Sixth Amendment Rights . . . [b]oth the multiplicity and the gravity of these errors produce a cumulative impact of error so much so that the end effect was to the prejudicial detriment of [petitioner's] case." (Reply at p. 12, Doc. #63).

The petitioner has not stated any facts or applicable law with regard to this ground, but rather

15

appears to generally reallege all previous claims. Without more specificity, the Court cannot conclude that the petitioner has stated a cognizable claim for relief. Petitioner has not met his burden of proof under Strickland with regard to this claim, and the petitioner's seventh ground for relief is **DENIED**.

### GROUND SIX, EIGHT, NINE

In the petitioner's response, he notes that he "agrees with the Government that Grounds Six, Eight and Nine are without merit and further agrees that these alone should be withdrawn and [petitioner] withdraws the claims of each ground." (Reply at pp. 2-3, Doc. #63). For this reason, grounds six, eight, and nine are **DENIED**.

### CONCLUSION

For the foregoing reasons, Petitioner's motion for vacate pursuant to 28 U.S.C. § 2255, (Doc. #51), is **DENIED;** and the Government's motion for summary judgment is **GRANTED**. (Doc. #58).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

March 29, 2010
Florence, South Carolina